**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALFONSO ESCOBEDO SOTO; et
al.,

                Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 09-72198

Agency Nos. A096-338-733
            A096-338-734
            A096-338-735

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Jose Alfonso Escobedo Soto, his wife Jovita Escobedo, and their daughter

Anel Yesenia Escobedo Moreno, natives and citizens of Mexico, petition for

review of the decision of the Board of Immigration Appeals denying their fifth

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen the underlying denial of their application for cancellation of removal, and seeking to renew their applications for asylum, withholding of removal, and relief under the Convention Against Torture based on changed country conditions in Mexico.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Petitioners' renewed claim for asylum, withholding of removal, and protection under CAT, based on changed country conditions, failed to present evidence of changed country conditions in Mexico that are material to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (requiring movant to produce previously unavailable evidence of changed country conditions that are material to petitioners and their circumstances). In addition, we reject petitioners' claim - that they are entitled to asylum and withholding of relief because they are Mexican aliens who would be targeted upon returning to Mexico from the United States - because petitioners have not alleged a cognizable social group and, thus, have not stated a claim for asylum or withholding of relief. *See Delgado-Ortiz v. Holder*, 600 F.3d

1148, 1151-52 (9th Cir. 2010) (rejecting as particular social group "returning Mexicans from the United States").  Accordingly, the BIA did not abuse its discretion in denying petitioners' motion to reopen.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.